Argued May 19, affirmed June 6, 1977

In the Matter of the Adoption of Denise Renee
Bantsari and Karen Lea Bantsari, Minors.
TALLMAN et ux, *Appellants,*
*v.*
BANTSARI, *Respondent.*
(No. 3160, CA 7721)
564 P2d 1371

Garth S. Ledwidge, Gresham, filed the brief for
appellants.

Allen L. Fallgren, Portland, argued the cause and
filed the brief for respondent.

Before Thornton, Presiding Judge, and Tanzer and
Richardson, Judges.

TANZER, J.

**TANZER, J.**

This is an appeal by the mother and stepfather of two children from an order denying their petition for adoption by the stepfather. The father objected to the adoption. The appellants contend that the trial court erred in failing to find, pursuant to ORS 109.324, that the father's consent was not required because he had wilfully deserted or neglected the children without just cause during the year preceding the filing of the petition.[1]

The parents were divorced in 1970. The father made support payments until 1974. There was an order in 1972 clarifying and another order in 1973 modifying the visitation clause of the divorce decree. In 1974, the father obtained an order for the mother to show cause why she should not be held in contempt for noncompliance with the visitation requirements of the divorce decree as modified. The outcome was that the trial court did not hold her in contempt for failure to provide visitation, but rather it further modified the decree by eliminating the requirement that the father pay support. Thereafter the father neither paid support nor visited the children, although he continues to

---

[1]ORS 109.324 provides:

"If either parent is believed to have wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption and such parent does not consent in writing to the adoption, there shall be served upon such parent a citation in accordance with ORS 109.330 to show cause why the adoption of the child should not be decreed. Upon hearing being had, if the court finds that such parent has wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, the consent of such parent at the discretion of the court is not required and, if the court determines that such consent is not required, the court shall have authority to proceed regardless of the objection of such parent. In determining whether the parent has wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child, the court may disregard incidental visitations, communications and contributions. This section does not apply where consent is given in loco parentis under ORS 109.316 or 109.318."

desire visitation and maintenance of his familial relationship with his children.

Failure to pay support and failure to visit with the children do not necessarily constitute wilful desertion or neglect without just and sufficient cause as contemplated by ORS 109.324. We have so held where the no-support/no-visitation arrangement is induced by the custodial parent, *Mahoney v. Linder,* 14 Or App 656, 514 P2d 901 (1973), and it is all the more true where, as here, the lack of contact between noncustodial parent and children is due to the conduct of the custodial parent and the order of court over the desires of the noncustodial parent to the contrary.

Affirmed. Costs to respondent.